[Crim. No. 2651.   Second Appellate District, Division Two.—March 19, 1935.]

THE PEOPLE, Respondent, v. GEORGE C. MANGUS, Appellant.

Harry D. Hottell and Jesse R. Shafer for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted in two counts of violating section 288 of the Penal Code by committing lewd and lascivious acts upon the bodies of two little girls, aged eight and seven years, respectively, and from such judgment he appeals.

From the testimony it appears that defendant met the children in a park and that they went down to a place near a bridge. One child kept watch on the bridge while the other went with defendant underneath it, where he committed lewd acts on her body. The girls then exchanged places and defendant committed similar acts on the other. Both children and defendant then participated in further similar acts. After his arrest defendant made conflicting statements to the officers concerning his acquaintance with the girls, and stated that the money which they claimed he had given them was taken by them out of his pocket. The jury was taken to the scene of the alleged acts and also had the opportunity to see and appraise the witnesses and determine what weight should be given to their testimony. Their determination of the question of defendant's guilt is supported by evidence which is clear and sufficient. A suggestion that the evidence shows the eight year old girl had been coached in her testimony is not supported by the record, when considered in its entirety.

After conviction oral application for probation was made, but defendant failed or refused to sign the written application. When the case was called on the date set for

hearing on probation, defendant appeared in court with his counsel and asked for a continuance to secure another attorney. He declared that his counsel had not handled the trial satisfactorily and had failed to take steps which defendant felt were necessary to an adequate defense. The court denied the request for continuance and indicated that counsel who had tried the case would be relieved of further responsibility. Defendant was then arraigned for sentence, reference was made to his failure to pursue his application for probation and sentence was pronounced. The record does not indicate that the defense counsel left the counsel table or the room until sentence had been pronounced, or that he construed the court's order as being a peremptory direction to withdraw without waiting to at least observe the balance of the proceedings in which he was then appearing. On appeal appellant claims the trial court erred in this proceeding, but no suggestion is made of any right invaded or prejudice suffered because of it. We are aware of no authority to support the reversal of a case under such circumstances.

It is urged that the court should have denied probation in express terms before pronouncing sentence, but the language employed was unequivocal and defendant could not help knowing that in view of his failure to press his request for a probationary investigation the court had no alternative save to pronounce sentence. The assertion that this latter proceeding, which took place just two weeks after the verdict was returned, was too late, ignores the provisions of Penal Code, sections 1191 and 1203.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.